# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Sherrie Lee Blankenship | **Case No :** | 13−24649 − A − 7 |
| | | **Date :** | 6/24/13 |
| | | **Time :** | 10:00 |

| | | |
|---|---|---|
| **Matter :** | [29] – Motion for Relief from Automatic Stay [CJO−1] Filed by Creditor Green Tree Servicing LLC (Fee Paid $176) (ltas) | **OPPOSED** |

**Judge :** Michael S. McManus
**Courtroom Deputy :** Sarah Head
**Reporter :** Diamond Reporters
**Department :** A

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Creditor's Attorney – Christina O
**Respondent(s) :**
   Debtor – Sherrie Lee Blankenship

MOTION was :
Granted
See final ruling below.

ORDER TO BE PREPARED BY :    Movant(s)

Final Ruling: The motion will be granted.

The court continued the hearing on this motion from June 3, 2013, to allow the debtor to file opposition to the motion. An amended ruling from June 3 follows below.

The movant, Green Tree Servicing, seeks relief from the automatic stay as to real property in Citrus Heights, California. The debtor opposes the motion, contending that the movant has no standing to bring this motion. The debtor says also that the note is unsecured because the deed of trust was improperly assigned.

Preliminarily, the court will not consider the debtor's "motion to strike" (Docket 58) filed in connection on June 24, 2013, objecting to the movant's declaration by Elizabeth Jossart filed on June 20, 2013 (Docket 55). The debtor is not permitted to file a surreply to the movant's reply. The movant is entitled to have the last word on this motion in the form of a reply to the debtor's opposition. See Local Bankruptcy Rule 9014−1(f). Also, the debtor's opposition was due on June 10, 2013. See Docket 45.

Turning to the arguments raised by the debtor, motions for relief from stay are summary proceedings, meaning that the court does not finally determine the validity of the movant's claim. Veal v. American Home Mortgage Servicing, Inc., (In re Veal), No. 09−14808, WL 2304200, at *11 (B.A.P. 9th Cir. June 10, 2011); Biggs v. Stovin (In re Luz Int'l), 219 B.R. 837, 841−42 (B.A.P. 9th Cir. 1998). "A party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate." Veal at 11.

The movant has produced evidence that it "physically holds" the promissory note and deed of trust and that the note "is endorsed by Schools First Credit Union to Countrywide Document Custody Services, a division of Treasury Bank, N.A. The Note is further endorsed by Countrywide Document Custody Services, a division of Treasury Bank, N.A. to Countrywide Home Loans, Inc. The Note is further endorsed by Countrywide Home Loans Inc. in Blank." Docket 55 paragraphparagraph 4, 5. Based on this, the court

concludes that the movant has established a colorable claim to enforce a claim against the property.

The court's determination that the movant has a colorable claim to enforce a right against the property is without prejudice to the debtor or anyone else with standing to challenge the validity, priority, or extent of the movant's interest in the property, in a nonbankruptcy forum.

The debtor's contention that "[w]hen Schools assigned the Deed of Trust to MERS, but indorsed the Note to CDCS, the Deed of Trust assignment was a nullity," is incorrect. This is of no consequence as "[t]he assignment of a debt secured by mortgage carries with it the security." Cal. Civ. Code § 2936. " The note and mortgage are inseparable; the former as essential, the latter as an incident' . . . [a]n assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.'" Saxon Mortgage Services, Inc. v. Hillery, Case No. C–08–4357 EMC, 2008 WL 5170180, at *5 (N.D. Cal. Dec. 9, 2008) (quoting Carpenter v. Longan, 83 U.S. 271, 274 (1872)); see also Tikhonov v. The Bank of New York Mellon Trust Co., N.A. (In re Tikhonov), Case No. CC–11–1698–MkBePa, 2012 WL 6554742, at *8 n.12 (B.A.P. 9th Cir. Dec. 14, 2012); Ruiz v. Wells Fargo Bank, N.A., Case No. CV 13–1114 PA (Jcx), 2013 WL 1235841, at *2 (C.D. Cal. Mar. 27, 2013); U.S. Bank, N.A. v. Friedrichs, Case No. 12cv2373–GPC(KSC), 2013 WL 589132, at *4 (S.D. Cal. Feb. 13, 2013).

Thus, whether or not the assignment of the deed of trust was proper, the movant has standing to bring this motion as the holder of the note. Tikhonov at *8 n.12 (noting that "[b]ecause we have concluded that BONY had standing as the holder of the Note, we need not determine whether BONY also held the beneficial interest in the First Trust Deed").

The movant has physical possession of the note and the note is indorsed in blank. Docket 55 paragraphparagraph 4, 5. And, the movant has produced a copy of the note showing indorsements from the payee, Schools Financial Credit Union, to Countrywide Document Custody Services, from Countrywide Document Custody Services to Countrywide Home Loans, Inc., and then by Countrywide Home Loans, Inc., in blank. Ex. 1 to Docket 34.

Turning to the merits of the motion, the property has a value of $80,000 and it is encumbered by claims totaling approximately $128,097. The movant's deed is the only encumbrance against the property. Also, there is no dispute that the debtor has made no payments on her home mortgage since July of 2012.

The court concludes that there is no equity in the property and there is no evidence that it is necessary to a reorganization or that the trustee can administer it for the benefit of creditors.

Thus, the motion will be granted pursuant to 11 U.S.C. § 362(d)(2) to permit the movant to conduct a nonjudicial foreclosure sale and to obtain possession of the subject property following sale. No other relief is awarded.

The court determines that this bankruptcy proceeding has been finalized for purposes of Cal. Civil Code § 2923.5 and the enforcement of the note and deed of trust described in the motion against the subject real property. Further, upon entry of the order granting relief from the automatic stay, the movant and its successors, assigns, principals, and agents shall comply with Cal. Civil Code § 2923.52 et seq., the California Foreclosure Prevention Act, to the extent it is otherwise applicable.

Because the movant has not established that the value of its collateral exceeds the amount of its secured claim, the court awards no fees and costs in connection with the movant's secured claim as a result of the filing and prosecution of this motion. 11 U.S.C. § 506(b).

The 14–day stay of Fed. R. Bankr. P. 4001(a)(3) is not waived. That period, however, shall run concurrently with the 7–day period specified in Cal. Civ. Code § 2924g(d) to the extent section 2924g(d) is applicable to orders terminating the automatic stay.